J-S44033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SULIMAN ALI | : | |
| | : | |
| Appellant | : | No. 1126 EDA 2025 |

Appeal from the PCRA Order Entered April 3, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004208-2012

BEFORE: LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 20, 2026**

Suliman Ali ("Ali") appeals *pro se* from the order dismissing as untimely his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On April 23, 2013, the trial court found Ali guilty of three counts of robbery, and multiple violations of the Uniform Firearms Act.[2] As this was Ali's "third strike," the trial court sentenced him to life without the possibility of parole.

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

[2] Ali's conviction arose out of an armed robbery of customers and the owner/cashier of Burdick's News Agency in Hatboro, Pennsylvania.

Ali filed a timely appeal, and this Court affirmed the judgment of sentence. **See Commonwealth v. Ali**, 2015 WL 7430301 (Pa. Super. 2015) (unpublished memorandum). Ali did not seek leave to appeal to the Pennsylvania Supreme Court. Ali filed a timely PCRA conviction and the parties agreed to the reinstatement of his right to file for leave to appeal to the Pennsylvania Supreme Court. On March 7, 2018, our Supreme Court denied *allocatur*. **See Commonwealth v. Ali**, 182 A.3d 441 (Pa. 2018). Ali did not petition for a writ of *certiorari* to the United States Supreme Court.

Ali filed a timely first PCRA petition in April 2018.[3] After a hearing, the PCRA court denied the petition. This Court affirmed the denial on appeal, and the Pennsylvania Supreme Court denied Ali's petition for *allocatur*. **See** PCRA Court Opinion, 5/20/25, at 3 (citation omitted).

Ali filed the instant petition, his second,[4] in October 2022. The PCRA court appointed counsel, who subsequently filed a motion to withdraw which the court granted. On July 18, 2024, the PCRA court issued notice of its intent to dismiss the petition without a hearing as untimely. The PCRA court

---

[3] The PCRA court incorrectly refers to this petition as a second PCRA petition. **See** PCRA Court Opinion, 5/20/25, at 3 (citation omitted). **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003) (noting that upon restoration of direct appeal rights *nunc pro tunc,* subsequent PCRA petition will be considered first petition for timeliness purposes).

[4] The PCRA court incorrectly refers to the instant petition as Ali's third. **See** PCRA Court Opinion, 5/20/25, at 3.

dismissed the petition as untimely on April 3, 2025. This appeal followed.[5]

On appeal, Ali raises the following questions for our review:

I. Whether [Ali's] right to a fair and just adjudication was violated by permitting [the magisterial district judge] to sign and secure the search warrants where he was party to a lawsuit filed by [Ali] and his wife against the [c]ondo [a]ssociation as well as the two unknown witnesses who identified the bike owned by [Ali] to the police?

II. Whether the evidence was insufficient [to sustain Ali's convictions] where each charge has to be proved beyond a reasonable doubt?

III. Whether [Ali]'s Pennsylvania and United States Constitutional rights under Article I, Section 9 and the Sixth, Eighth, and Fourth Amendments, were violated where the search warrant was made invalid due to the "probable cause affidavit" not being not accurate?

IV. Whether the trial court abused its discretion in sentencing [Ali] based upon its misuse of the mandatory life sentence confinement sentence pursuant to section 9714, because the prosecution failed to provide reasonable notice of its intent by waiting until moments before sentencing?

V. Whether the evidence was insufficient where the identification of [Ali] was inconsistent where the identification method use (photo array) has been found to be unreliable where the statements and identification made by the victims of this crime [were] not conclusive?

Ali's Brief at 2-3.

Ali appeals from the denial of his untimely PCRA petition. Although his PCRA petition asserted claims of ineffectiveness of both trial and first PCRA counsel, he has abandoned those issues on appeal and asserts a variety of trial errors. *See* PCRA Court Opinion, 5/20/25, at 4; Ali's Brief at 2-3. We

_____

[5] The PCRA court did not order Ali to file a Rule 1925(b) statement but did issue an opinion.

review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (recognizing courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal authority to address the substantive claims [in a PCRA petition]." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Ali's judgments of sentence became final on June 11, 2018, when the time to file a petition for writ of *certiorari* expired. *See* U.S. Sup.R. 13(1). He

did not file the instant petition until October 2022. Thus, the petition is untimely.

A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Critically, Ali has not pled or proven an exception to the PCRA's timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, he does not address the timeliness issue and only argues the merits of his claims of trial error. *See* Ali's Brief at 13-25. Ali's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims."[6] *Lewis*, 63 A.3d at 1281.

_____

[6] In any event, Ali's claims are not cognizable as they could have been raised on direct appeal but were not. Issues raised in a PCRA petition cannot have been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2026

---

allegation of error is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding."  42 Pa.C.S.A. § 9544(b).  Further, his issues were not presented in his PCRA petition but raised for the first time on appeal. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103-04 (Pa. Super. 2003) (waiving five issues not in the original or amended PCRA petition); Pa.R.A.P. 302(a).